UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

JUSTIN NOBLE,

        Plaintiff,

v.                 Civil Action No. 3:13–CV–130

CPL. C. CHAMBERS, *et al*,

        Defendants.

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on a Motion to Dismiss (ECF No. 3) filed by Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiff Justin Noble ("Plaintiff") asserts causes of action for Excessive Force under 42 U.S.C. § 1983 (Count One), Conspiracy in Violation of Constitutional Right to Seek Legal Redress under 42 U.S.C. § 1983 (Count Two), Battery (Count Three), and Gross Negligence (Count Four). On June 25, 2013, the Court heard oral argument on Defendants' Motion. For the reasons stated below, the Court GRANTS the Motion to Dismiss and DISMISSES Plaintiffs' claims against Defendants WITHOUT PREJUDICE.

**I. BACKGROUND**[1]

On the evening of March 2, 2012, Plaintiff completed his shift as a server at a Richmond restaurant and joined some of his co-workers at another restaurant in order to "unwind and relax" after work. (Compl. ¶ 12.) Plaintiff and a friend from the group left this

---

[1] For the purposes of this Motion, the Court assumes all of Plaintiff's well-pleaded allegations to be true, and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004)(citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). *See* Fed. R. Civ. P. 12(b)(6).

1

second restaurant and began walking to another friend's home. While on this walk, the two men were confronted by officers of the Richmond City Police Department ("Richmond Police Officers"). Plaintiff and the Richmond Police Officers exchanged words during their confrontation, ultimately resulting in Plaintiff's arrest for public intoxication. Plaintiff was handcuffed and taken into custody by the arresting officer without incident; while Plaintiff "verbally articulated his dismay and objection to the arrest," he did not physically resist or threaten the arresting officers while he was taken into custody. (Compl. ¶ 18.) The Richmond Police Officers transported Plaintiff to the Richmond City Jail and to the custody of the Richmond City Sheriff's Office for processing also without incident. Defendants Cpl. C. Chambers ("Chambers"), Cpl. D. Kelly ("Kelly"), Dep. D. Jordan ("Jordan"), Cp. C. Rawlings ("Rawlings"), Dep. D. Thorpe ("Thorpe"), Dep. A. Hesford ("Hesford"),[2] and John Doe(s)(collectively, the "Sheriffs") were on duty at the Richmond City Sheriff's Office at the time of Plaintiff's transfer.

While in the custody of the Sheriffs, Plaintiff "continued to verbally express his disagreement with his arrest," though he remained handcuffed and did not physically resist custody or threaten the Sheriffs. (Compl. ¶¶ 21-22.) The Sheriffs "became angry with [Plaintiff] for his continued verbal expressions of disagreement," and eventually, one of the Sheriffs "struck and/or punched [Plaintiff's] face with his hand" while Plaintiff remained handcuffed. (Compl. ¶ 25.) The force of the punch caused Plaintiff's head to collide with the floor, "causing immense physical damage and pain." (Compl. ¶ 26.) Plaintiff suffered severe bruising and a concussion as a result of the punch. After the punch, the Sheriffs placed

---

[2] Plaintiff represents that Hesford was inadvertently omitted from Paragraph 20 of the Complaint in which he alleges that the Deputies were on duty at the time of his transfer to the Richmond City Sheriff's Office. (Mem. Opp. Mot. Dismiss ("Mem. Opp.") 2 n.4.)

Plaintiff in a cell for the rest of the night and did not provide him with any immediate medical attention. None of the Sheriffs who witnessed the incident acted to prevent the punch from occurring or subsequently reported or documented this incident.

In Count One, Plaintiff seeks damages for Excessive Force, in violation of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the U.S. Constitution. Specifically, Plaintiff alleges that the Sheriffs were acting within the scope of their duties and under color of state law as officers of the Richmond City Jail and/or Richmond City Sheriff's Office when one of the Sheriffs struck him excessively. In Count Two, Plaintiff alleges that the Sheriffs who did not strike him conspired under 42 U.S.C. § 1983 to violate his constitutional right to seek legal redress by agreeing not to report or document the incident "with the unlawful aim of covering up this event" (Compl. ¶ 42.) In Count Three, Plaintiff alleges that the Sheriff who struck him committed a battery, and in Count Four, Plaintiff alleges that the Sheriff who struck him committed gross negligence by using a level of force that a reasonably prudent law enforcement officer would not have used.

On April 3, 2013, Defendants Chambers, Kelly, Jordan, Rawlings, Thorpe, and Hesford (collectively "Defendants") filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Counts One, Three, and Four should be dismissed because Plaintiff fails to allege which of the Defendants is the particular Sheriff that struck him. Defendants argue that Plaintiff's generic claim that one of the Sheriffs is the person that punched him, without more, does not satisfy the necessary pleading standards, especially in light of the fact that Plaintiff has also sued "John Doe(s)" as the potential assailant. Defendants further argue that Count Two must be dismissed because Plaintiff does not allege which of the Defendants actually witnessed the incident or allege that any

of the Defendants had the opportunity to prevent the punch or any subsequent attack. Defendants also argue that Count Two fails because Plaintiff has not suffered any actual deprivation of his right to pursue legal redress for the alleged incident. The Motion has been fully briefed and is ripe for review.

## II. STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). The Court may consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant with "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Further, Rule 8(a)(2) requires the complaint to allege facts showing that the plaintiff's claim is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and these "[f]actual allegations must be enough to raise a right to relief above the

speculative level." *Twombly*, 550 U.S. at 545; *see id.* at 555 n.3. The Court need not accept legal conclusions that are presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Further, the court may not construct legal arguments that the plaintiff has not presented. *Farabee v. Feix,* 119 Fed. App'x 455, 458 n.2 (4th Cir. 2005); *see also Adam v. Wells Fargo Bank, N.A.*, No. 1:09–CV–2387, 2010 WL 3001160, at *2 (D. Md. July 28, 2010).

### III. DISCUSSION

#### a. Counts One, Three, Four

Defendants argue that Plaintiff's excessive force, battery, and gross negligence claims fail because Plaintiff has not pled that each Defendant, through his own individual actions, violated the Constitution. Rather, Defendants argue that Plaintiff merely asserts that a single, unknown officer punched Plaintiff, and that by filing suit against "John Doe(s)" as well as the named Defendants, Plaintiff acknowledges that the alleged perpetrator may not be among the specific Sheriffs named as Defendants. Defendants argue that the pleading standards under *Twombly* and *Iqbal* require more precision than Plaintiff's allegation that one of the Defendants *could* have been the person who punched him or one of the officers who witnessed the incident. Plaintiff responds that, although only one person actually struck him, the Complaint properly pleads in the alternative that each Defendant is the specific person who punched him.

"The Fourth Amendment [only] governs claims of excessive force during the course of an arrest, investigatory stop, or other seizure of a person . . . [w]hereas, excessive force claims of a pretrial detainee [or arrestee] are governed by the Due Process Clause of the

5

Fourteenth Amendment." *Orem v. Rephann*, 523 F.3d 442, 446 (4th Cir. 2008)(internal citations and quotations omitted). In order to state a claim under § 1983, the plaintiff must affirmatively show "that the official charged acted *personally* in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs,* 550 F.2d 926, 928 (4th Cir. 1977)(emphasis added). A battery is "an unwanted touching which is neither consented to, excused, nor justified," *Koffman v. Garnett*, 574 S.E.2d 258, 261 (Va. 2003), and an arrest made with excessive force is a battery since that touching is not justified or excused, *Gnadt v. Commonwealth*, 497 S.E.2d 887, 888 (Va. App. 1998). Gross negligence is "that degree of negligence which shows indifference to others as constitutes an utter disregard of prudence amounting to a complete neglect of the safety of another. It must be such a degree of negligence as would shock fair minded people although something less than willful recklessness." *Koffman*, 574 S.E. 2d at 260 (internal quotations and citations omitted).

A claim is facially plausible, and thus survives a motion to dismiss, "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal citations omitted). "The plausibility standard is not akin to a probability requirement, but it asks for *more than a sheer possibility* that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotations and citations omitted)(emphasis added). A complaint does not satisfy the pleading standards under Rule 8 "if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. (internal quotations and citations omitted).

6

In this case, Plaintiff's claims in Counts One, Three, and Four each fail because he has failed to show that it is plausible that any of the named Defendants is the one person who struck him. While Plaintiff has alleged facts that are consistent with the Defendants' liability for excessive force, battery, and gross negligence, he fails to plead factual allegations showing more than a sheer possibility that, merely because of their presence in the police station at the relevant time, each of the named Defendants is the one Sheriff who allegedly punched him. For instance, Plaintiff does not allege that any of the Defendants are the specific Sheriffs who he spoke to immediately before or after the incident, or that the individual Sheriffs named as Defendants are the same race/ethnicity, age, height, build, or gender as the one Sheriff who struck him.[3] Instead, the Complaint relies solely on Defendants' presence in the Sheriff's Office at the time, thus creating only the *possibility* that one of the Defendants is the responsible party.

Furthermore, by Plaintiff's own account, only one Sheriff is responsible for punching him, and Plaintiff has not successfully articulated a claim in the alternative merely by alleging that "[o]ne of the Sheriffs" is the person who struck him. It is not clear that Plaintiff must specifically use "either-or" language or the word "alternatively" when setting forth alternative claims, *see TSC Research, LLC v. Bayer Chem. Corp.*, 552 F.Supp.2d 534, 540 (M.D.N.C. 2007)(noting that the Fourth Circuit has yet to adopt the level of specificity required of alternative pleadings in the Seventh Circuit). However, Plaintiff seemingly

---

[3] It must be noted that Plaintiff's claim is not saved at this stage by the possibility that he will eventually be able to name or describe which sheriff struck him with the benefit of discovery. *See Lavender v. City of Roanoke Sheriff's Office*, 826 F.Supp.2d 928, 936 (W.D.Va. 2011)("the acknowledgment that [plaintiff] does not yet have specific facts to [support his § 1983 claim] and is seeking to engage in discovery to support his allegations ignores Iqbal's admonition that Rule 8 of the Federal Rules of Civil Procedure does not unlock the doors [of] discovery for a plaintiff armed with nothing more than conclusions")(citing *Iqbal*, 556 U.S. at 678-79)(internal quotations omitted).

stretches the language of the Complaint too far in asserting that the phrase "one of the Sheriffs" can be taken to mean "each one of the Sheriffs, in the alternative." This case does not present the scenario where a plaintiff pleads in the alternative because he knows that one of several defendants is the person that harmed him but he is unsure of which particular person is responsible; in this case, by suing both the named Defendants and "John Doe(s)," Plaintiff is apparently uncertain if he has even named a group of sheriffs that includes the one person who actually struck him.

Even if Plaintiff had successfully pled in the alternative, however, it remains the case that he must plead sufficient factual allegations showing that it is not just possible but *plausible* that each alternative Defendant is the one who punched him. Plaintiff has failed to do so here, and although Fed. R. Civ. P. 8(e) requires the Court to construe pleadings so as to do justice, the Court need not accept Plaintiff's unwarranted inferences as true, *E. Shore Mkts., Inc.*, 213 F.3d at 180. For the above reasons, the Court GRANTS the Motion to dismiss Counts One, Three, and Four.

### b. Count Two

In Count Two, Plaintiff argues that a Western District of Virginia case, *Bell v. Johnson*, recognizes a novel legal theory entitling Plaintiff to relief upon a showing that the Defendants, "all of whom witnessed the excessive force, unlawfully acted in concert to cover up the unconstitutional actions (Count I) taken against [Plaintiff] in efforts to prevent and deprive [Plaintiff] from exercising his constitutional right to seek legal redress for his injury." (Mem. Opp. 7.) *See Bell v. Johnson*, No. 7:09-CV-214, 2011 U.S. Dist. LEXIS 33888, at *31 (W.D. Va. Mar. 30, 2011)("While there is some support for the theory that an ex post cover-up of a prior constitutional deprivation could contemplate depriving a plaintiff of his

constitutional right to seek legal redress for his injury, Bell has made no such argument.") Plaintiff asserts that he has sufficiently stated a claim that Defendants mutually agreed to accomplish an unlawful plan when they allegedly agreed not to report or document the violations of Plaintiff's constitutional rights with the unlawful intention of depriving Plaintiff of the right to pursue legal action.

"To establish a civil conspiracy under § 1983, [a plaintiff] must present evidence that the [defendants] acted jointly in concert and that some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right. . . . " *Hinkle v. City of Clarksburg, W.Va.*, 81 F.3d 416, 421 (4th Cir. 1996)(plaintiff alleged that the police conspired to deprive him of the right to access the courts by disposing of probative evidence). *See also Bell*, 2011 U.S. Dist. LEXIS 33888, at *31. The plaintiff "must allege and prove both a conspiracy *and an actual deprivation of rights*; mere proof of a conspiracy is insufficient to establish a section 1983 claim. . . . The gist of the (section 1983) cause of action is the deprivation and not the conspiracy." *Landrigan v. Warwick*, 628 F.2d 736, 742 (1st Cir. 1980)(internal quotations and citations omitted)(emphasis added). *Bell*, 2011 U.S. Dist. LEXIS 33888, at * 31 n.5 (citing *Landrigan*).

Although the parties dispute whether *Bell* recognizes a § 1983 cause of action for conspiracy to violate the right to seek legal redress,[4] even if such a cause of action does

---

[4] Because the plaintiff in *Bell* did not actually raise a claim of conspiracy to deprive the right to seek legal redress, the above-cited language is dicta. Even if this language were not dicta, however, the words "some support for the theory . . . could contemplate," clearly do not firmly establish a cause of action. Plaintiff asserts that *Bell* articulates "a novel legal theory which has not been explored by many courts," (Mem. Opp. 8), but upon a review of *Bell*, it seems as though the opinion fails to even do that. Nonetheless, because *Hinkle* concerned an allegation that the police deprived the plaintiff of his right to access the courts by disposing of material evidence, it does appear that the Fourth Circuit has at least contemplated a § 1983 cause of action for conspiracy to deprive another of the right to

exist in this circuit, Plaintiff has failed to state a claim because he has not alleged any actual deprivation of his right to seek legal redress. Rather than alleging that the Defendants' conspiracy to cover up the incident actually hindered him in pursuing legal action or diminished the value of his claims, the only injury Plaintiff alleges is that "[a]s a direct and proximate result of the Sheriffs' intentional actions, [Plaintiff] was forced to endure great pain, fear, mental suffering and humiliation." (Compl. ¶ 44.) Even accepting Plaintiff's claims as true, such emotional distress does not indicate that the doors of the courthouse have actually been closed to Plaintiff or that his legal claim has been rendered less valuable.

Even if Plaintiff had alleged an actual deprivation, it is unclear that he could state a plausible claim because "[t]he very fact that [Plaintiff was] able to institute this suit goes a long way toward proving that the conspiracy to prevent [Plaintiff] from obtaining legal redress was unsuccessful, if indeed there was such a conspiracy." *Waller v. Butkovich*, 584 F.Supp. 909, 941 (M.D.N.C. 1984). To the extent that Plaintiff argues that the Defendants' alleged conspiracy has rendered his right to legal redress hollow or reduced the value of his claims, this argument fails because the flaw in Plaintiff's Complaint is not that he fails to cite police documents memorializing the incident; rather, Plaintiff's Complaint fails because he apparently cannot cite even generally to his own memory of which of the Sheriffs, if any of those named as Defendants, struck him, and has instead chosen to sue every Sheriff who was on duty at the time without *any* factual allegations in support. *See Vasquez v. Hernandez*, 60 F.3d 325, 329 (7th Cir. 1995)(affirming summary judgment for defendants because there were no allegations that the plaintiffs asserting a claim for § 1983 conspiracy to deprive right to pursue legal redress were prevented from pursuing a tort action or that

---

pursue legal action, although Hinkle failed to successfully prove his claim. *See Hinkle*, 81 F.3d at 421-23.

the value of the action was reduced by the alleged cover-up). Although Plaintiff's Complaint, as it is presently phrased, fails to successfully articulate a claim upon which relief can be granted, even dismissal at this stage would not deprive Plaintiff of his right to seek legal redress since it is certainly possible for Plaintiff to successfully amend his Complaint in the future. Accordingly, the Court GRANTS the Motion to dismiss Count Two.

## IV. CONCLUSION

For the above reasons, the Court GRANTS the Motion to Dismiss and DISMISSES Plaintiff's claims against Defendants WITHOUT PREJUDICE.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

> _____/s/_____
> James R. Spencer
> United States District Judge

ENTERED this __2nd__ day of July 2013.